IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 17, 2000

**JOHN HAWS BURRELL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Anderson County**
**No. 99CR0119     James B. Scott, Jr., Judge**

_____

**No. E1999-02762-CCA-R3-PC**
**January 8, 2001**
_____

The Defendant, John Haws Burrell, appeals as of right from the dismissal of his petition for post-conviction relief. The trial court dismissed his petition without an evidentiary hearing as barred by the statute of limitations. The Defendant argues on appeal that the statute of limitations should not have expired until one year after certiorari had been denied by the United States Supreme Court. We affirm the judgment of the trial court dismissing the Defendant's post-conviction petition as time-barred.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., and WILLIAM B. ACREE, JR., SP.J., joined.

Andrew N. Hall, Wartburg, Tennessee, for the appellant, John Haws Burrell.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; James N. Ramsey, District Attorney General; and Jan Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was convicted of twelve counts of sexual battery, three counts of rape, and two counts of coercion of a witness. For these offenses, he received an effective sentence of twenty-four years. We affirmed his convictions on direct appeal, and the Tennessee Supreme Court denied review. See State v. John Haws Burrell, No. 03C01-9404-CR-00157, 1997 WL 53455 (Tenn. Crim. App., Knoxville, Feb. 11, 1997), perm. app. denied (Tenn. Oct. 6, 1997). The Defendant subsequently filed a petition for a writ of certiorari, seeking review of his convictions by the United States Supreme Court. The United States Supreme Court denied certiorari on April 6, 1998. See Burrell v. Tennessee, 523 U.S. 1062 (1998). On March 31, 1999, the Defendant filed a petition for post-conviction relief, which was summarily dismissed as barred by the statute of limitations.

Relief under our Post-Conviction Procedure Act will be granted when a defendant's conviction or sentence is void or voidable because of the abridgment of any right guaranteed by either the Tennessee Constitution or the United States Constitution. Tenn. Code Ann. § 40-30-203. However, in order to seek such relief, a defendant

> must petition for post-conviction relief under this part within one (1) year of the date of the final action of the <u>highest state appellate court</u> to which an appeal is taken . . . .<u>The statute of limitations shall not be tolled for any reason</u>, including any tolling or saving provision otherwise available at law or equity. <u>Time is of the essence of the right to file a petition for post-conviction relief</u> . . . , and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise.

<u>Id.</u> § 40-30-202(a) (emphasis added).[1]

Pursuant to the rules of statutory construction, we must "examine the language of a statute and, if unambiguous, apply its ordinary and plain meaning." <u>Seals v. State</u>, 23 S.W.3d 272, 276 (Tenn. 2000). The statute in question states clearly and unambiguously that the one-year limitations period begins to run on the date of the final action of the highest <u>state</u> appellate court to which an appeal is taken. <u>See</u> Tenn. Code Ann. § 40-30-202(a). The United States Supreme Court is obviously not a state appellate court; therefore, under the statute, the Defendant should have filed his petition for post-conviction relief by October 6, 1998. Because his petition was not filed until March of 1999, it was barred by the statute of limitations.

Notwithstanding, the Defendant asserts that due process requires the tolling of the statute of limitations while his petition for certiorari was pending before the United States Supreme Court. Although post-conviction procedures are not constitutionally required, "once a state chooses to provide post-conviction remedies, it must do so in a manner that meets Constitutional standards." <u>Davis v. State</u>, 912 S.W.2d 689, 695 (Tenn. 1995). While recognizing that our statute explicitly states that the "statute of limitations shall not be tolled for any reason," our supreme court, applying due process standards, held in <u>Seals v. State</u> that the "application of the statute must not deny a petitioner a reasonable opportunity to raise a claim in a meaningful time and manner." <u>Seals</u>, 23 S.W.3d at 276-79. In determining whether the application of the statute of limitations violates due process, "[t]he test is 'whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined.'" <u>Id.</u> at 278 (quoting <u>Burford v. State</u>, 845 S.W.2d 204, 208 (Tenn. 1992)). In <u>Seals</u>, the supreme court determined that a person who was mentally incompetent and therefore legally incapable of asserting his or her constitutional rights would be denied the opportunity to assert his or her rights in a post-conviction petition unless the limitations period was

---

[1] The statute establishes three exceptions to the one-year statute of limitations, none of which are applicable here. Those exceptions allow for post-conviction consideration if a petition is filed within one year of a ruling establishing a new constitutional right given retroactive application, if a petition is based on new scientific evidence establishing the innocence of the defendant, and if a petition is filed within one year of a judgment invalidating a conviction that was used to enhance a sentence. <u>See</u> Tenn. Code Ann. § 40-30-202(b).

suspended during the period of incompetence.  Id.  The court thus held that "due process requires tolling of the statute of limitations where a defendant is denied the reasonable opportunity to assert a claim in a meaningful time and manner due to mental incompetence."  Id. at 279.

In this case, there is no assertion that the Defendant was mentally incompetent.  In fact, the Defendant makes no argument that he was denied the reasonable opportunity to assert his claims in a meaningful time and manner.  He argues only that his petition for certiorari to the United States Supreme Court should have tolled the statute of limitations.  We disagree.  There is no reason why a defendant cannot seek post-conviction relief pursuant to our Post-Conviction Procedure Act while his or her petition for certiorari to the United States Supreme Court is pending.  Accordingly, the filing of a petition for certiorari to the United States Supreme Court does not deny a defendant the reasonable opportunity to assert his or her claims in a meaningful time and manner.  Thus, we hold that due process does not require tolling the statute of limitations while a petition for certiorari is pending before the United States Supreme Court.

Pursuant to statute, the Defendant had one year from the time the Tennessee Supreme Court denied permission to appeal to file a petition for post conviction relief.  See Tenn. Code Ann. § 40-30-202(a).  Because he did not file his petition within this time period, his petition for post-conviction relief was barred by the statute of limitations.  Therefore, the judgment of the trial court dismissing the Defendant's petition is affirmed.

_____
DAVID H. WELLES, JUDGE
